Patricia STITH et al., Plaintiffs,

v.

MANOR BAKING COMPANY et al., Defendants.

Civ. A. No. 75CV524–W–3.

United States District Court,
W. D. Missouri, W. D.

Aug. 4, 1976.

Charlotte P. Thayer, Grandview, Mo., for plaintiffs.

Robert D. Youle, Eric T. Swanson, Maurice J. O'Sullivan, Jr., Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., Tod Calhoun, Dallas, Tex., for Campbell-Taggart, Inc.

ORDER DENYING DEFENDANT CAMPBELL–TAGGART, INC.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, AND ORDER DISMISSING TITLE VII CLAIMS AGAINST DEFENDANT CAMPBELL–TAGGART FOR LACK OF SUBJECT MATTER JURISDICTION

WILLIAM H. BECKER, Chief Judge.

This is an employment discrimination action in five counts under Title VII of the Civil Rights Act of 1964, Section 2000e, et seq., Title 42, United States Code; Section 301 of the Labor Management Relations Act, Section 185, Title 29, United States Code; and the Civil Rights Act of 1866, Section 1981, Title 42, United States Code. Defendant Campbell-Taggart, Inc. (hereinafter "Campbell-Taggart"), has moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and lack of subject-matter jurisdiction over plaintiffs' Title VII claims against it. Plaintiffs have filed opposing suggestions, and oral argument was heard at a pretrial conference.

The parties and general nature of the claims are set forth in the "Order Denying 'Defendant the Bakery & Confectionery Workers' International Union of America, Local No. 218, AFL–CIO Motions to Strike and Dismiss' Without Prejudice" filed April 26, 1976. Briefly, plaintiffs, a white female and a black female, allege racial and sexual discrimination in hiring, promotions, layoffs, seniority, wages and job classifications; harassment; and breach of a collective bargaining agreement by defendants Manor Baking Co., and its parent corporation Campbell-Taggart; and a breach of the duty of fair representation by the Bakery & Confectionery Workers' International Union of America, Local No. 218, AFL–CIO.

### I. Personal Jurisdiction.

Campbell-Taggart was served with process at its offices in Dallas, Texas, by a United States Marshal under the Missouri "long-arm" statute, Section 506.500, et seq., R.S.Mo. (1976) V.A.M.S. It asserts that extraterritorial service of process was not au-

thorized by the Missouri "long-arm" statute; and that because of the insufficiency of its contacts with the State of Missouri, the Due Process Clause of the Fifth Amendment precludes assertion of *in personam* jurisdiction over it in this district. The following material facts are alleged by plaintiffs, or by defendants and not controverted by plaintiffs, are taken as true and considered in the light most favorable to plaintiffs for purposes of this motion.

Campbell-Taggart is a Delaware corporation having its principal place of business in Dallas, Texas. It is not licensed to do business as a foreign corporation, and has no offices, in the State of Missouri.

Campbell-Taggart is primarily a holding company. It is the majority stockholder of Manor Baking Company which is engaged in the wholesale baking business in Kansas City, Missouri. However, from the facts alleged by plaintiffs, it does not appear that Campbell-Taggart maintains the ordinary dissociated parent-subsidiary relationship with Manor Baking Company. Rather, Campbell-Taggart actively participates in the training and supervision of Manor Baking Company's employees, and in Manor Baking Company's production of bakery goods.

Many of Manor Baking Company's supervisors are trained at seminars conducted, operated, and directed by Campbell-Taggart at its offices in Dallas, Texas. Manor Baking Company employees who have attended such seminars include William Harper, supervisor of bread distribution; Leroy Worley, supervisor of the bread shop; Charlie Davis, supervisor of the sanitation department; and Rudolph Brown and George McFarland who were foremen. Manor Baking Company employees were informed that such training was necessary to be a supervisor at Manor. Further, at least one Manor Baking Company employee has served as an instructor in a bakery production training program conducted by Campbell-Taggart in Dallas, Texas, for trainees from other bakeries associated as subsidiaries with Campbell-Taggart.

Campbell-Taggart employs "roving supervisors" who periodically visit the Manor Baking Company plant in Kansas City, Missouri. These "roving supervisors" inspect production procedures and test the bakery goods produced for compliance with federal standards and standards imposed by Campbell-Taggart. They submit weekly bread examination reports to Campbell-Taggart about the quality of the goods produced by Manor Baking Company. They also direct, supervise and correct employees of Manor Baking Company to ensure the proper performance of their duties.

Other evidence exists that Campbell-Taggart actively participates in its subsidiary's management. Manor Baking Company employees are frequently promoted or transferred to positions with either Campbell-Taggart or one of its many subsidiaries engaged in the baking business. During a strike in 1969, Campbell-Taggart employees operated the Manor Baking Company plant. Campbell-Taggart has coordinated shipments of goods between its subsidiaries as evidenced by a letter dated May 7, 1975, from a Campbell-Taggart official to Manor regarding a shipment of whey. Finally, Campbell-Taggart prepares the Wage and Tax Statements of Manor employees; and has addressed communications to Manor employees addressed: "Dear Fellow Employees."

The tests for determining whether personal jurisdiction exists over Campbell-Taggart are the same under both the Missouri "long-arm" statute and the Fifth Amendment. Section 506.500, R.S.Mo. (1976) V.A. M.S., provides in pertinent part:

"1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

"(1) The transaction of any business within this state;

\*     \*     \*     \*     \*     \*

"2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

■ The Missouri Supreme Court has held that in enacting Section 506.500, the ultimate objective of the General Assembly of Missouri

". . . was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere and Company v. Pinnell,* 454 S.W.2d 889, 892 (banc 1970).

*See also: State ex inf. Danforth v. Reader's Digest Association,* 527 S.W.2d 355, 357–358 (Mo., banc 1975); *State ex rel. Apco Oil Corporation v. Turpin,* 490 S.W.2d 400 (Mo. App.1973). The Missouri Supreme Court has further construed "the transaction of any business" provision to render service proper under the statute whenever the requirements of due process are met. *State ex inf. Danforth v. Reader's Digest Association, supra,* at 358. Because the reach of that provision is coextensive with the requirements of due process, resolution of the due process question will be dispositive of the question whether service was proper under Section 506.500.[1]

The constitutional limitations on extraterritorial service of process are governed by the principles laid down by the United States Supreme Court in three cases, *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In *International Shoe,* the Court endorsed the familiar rule,

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (326 U.S. at 316, 66 S.Ct. at 158).

While the Court approved of service upon a nonresident insurance company whose only contact with the forum state was sending a form of reinsurance to, and receiving premiums from, a single policyholder in the state in *McGee,* the Court in *Hanson* warned:

"[I]t is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective states." (357 U.S. at 251, 78 S.Ct. 1238.)

■ The Eighth Circuit has articulated five factors to be considered in determining whether service of process in a particular case offends due process:

"(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its resi-

---

1. In *Fulton v. Chicago, Rock Island & Pacific Railroad Co.,* 481 F.2d 326 (8th Cir. 1973), the United States Court of Appeals for the Eighth Circuit, in construing the "commission of a tortious act" provision of Section 506.500, declined to base the decision merely on the basis of the limits imposed by due process, choosing rather to analyze the circumstances in light of Missouri decisions construing that provision. Id. at 334, n. 5. *See also: First National Bank* *of Kansas City v. Ward,* 380 F.Supp. 782 (W.D. Mo.1974). However, the "expansive view" of the Missouri "long-arm" statute declined by the Eighth Circuit in Fulton is now required in light of the due process analysis used in construing the "transaction of any business" provision by the Missouri Supreme Court in *State ex inf. Danforth v. Reader's Digest Ass'n, supra,* at 358.

dents; and (5) the convenience of the parties." *Caesar's World, Inc. v. Spencer Foods, Inc.*, 498 F.2d 1176, 1180 (8th Cir. 1974); *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256 (8th Cir. 1974); *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27 (8th Cir. 1973); *Thompson v. Ecological Science Corporation*, 421 F.2d 467 (8th Cir. 1970); *Electro-Craft Corp. v. Maxwell Electronics Corp.*, 417 F.2d 365 (8th Cir. 1969); *Aftanase v. Economy Baler Co.*, 343 F.2d 187 (8th Cir. 1965). These factors ". . . do not establish a mathematical formula from which to derive fair play and substantial justice, but rather provide a general guide in applying that abstract concept." *Caesar's World, Inc. v. Spencer Foods, Inc.*, supra, at 1180. They must be applied to each case in light of its own facts. *Thompson v. Ecological Science Corporation*, supra, at 469.

■ Analysis of the facts of this case under the five-factor test shows that assertion of *in personam* jurisdiction over Campbell-Taggart does not offend due process, and consequently that extraterritorial service of process was authorized by the Missouri "long-arm" statute for the following reasons. First, the facts show substantial supervision and control of Manor Baking Company employees in Kansas City, Missouri, by Campbell-Taggert, from which Campbell-Taggart could reasonably have anticipated that its acts would be subject to the jurisdiction of the state and federal courts in Missouri.[2] Second, this supervision and control occurred on a sustained, regular basis. Third, the supervision and control of employees *may be* closely related to plaintiffs' charges of employment discrimination, and plaintiffs should be given an opportunity to prove whether such a relationship exists after the completion of discovery. Fourth, the State of Missouri has a substantial interest in protecting its citizens from discriminatory acts or omissions by foreign corporations within the State of Missouri. And finally, all of the alleged acts of discrimination occurred in the State of Missouri which makes Missouri the most convenient forum for all parties.

■ Campbell-Taggart has cited *Blount v. Peerless Chemicals (P.R.) Inc.*, 316 F.2d 695 (2nd Cir. 1963), in support of its contention that a parent corporation does not become subject to personal jurisdiction in a district merely because its subsidiary is located in the district. *See generally*: 2 Moore's *Federal Practice*, ¶ 4.25[6] (1975 ed.); 4 Wright & Miller, *Federal Practice and Procedure*, Section 1104 (1969 ed.). However, this general rule is inapplicable when, as in this case, the parent corporation actively participates in the management of the subsidiary to such a degree that the parent itself can be said to be "doing business" in the forum district.

Because of the substantial participation of Campbell-Taggart in supervision and management of Manor Baking Company employees in the State of Missouri, Campbell-Taggart's motion to dismiss for lack of personal jurisdiction and unauthorized service of process will be denied.

## II. Venue.

Campbell-Taggart has also asserted that venue is not proper in this district over the claims against it. However, the finding that Campbell-Taggart is subject to personal jurisdiction in this district establishes venue in this district for each of plaintiffs' claims.

■ Venue of claims under Title VII of the Civil Rights Act is governed by Section 706(f) of Title VII, Section 2000e–5(f)(3), Title 42, United States Code, which provides that Title VII actions:

". . . may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the

2. *See: Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 32 (8th Cir. 1973).

alleged unlawful employment practice, and [4] if the respondent is not found within such district, such an action may be brought within the judicial district in which the respondent has his principal office."

Because the alleged unlawful employment practice occurred in the Western District of Missouri, venue in this district is proper if Campbell-Taggart is "found" in this district. A corporation is "found" in a district for venue purposes if it is subject to personal jurisdiction in that district. *Ford v. Valmac Industries, Inc.*, 494 F.2d 330 (10th Cir. 1974).

Venue of claims under the Civil Rights Act of 1866, Section 1981, Title 42, United States Code, and claims under Section 301 of the Labor Management Relations Act, Section 185, Title 29, United States Code, is governed by the general venue statute, Section 1391, Title 28, United States Code. 1 Moore's *Federal Practice, supra*, ¶ 0.144[14.–17]—civil rights acts; 1 Moore's *Federal Practice, supra*, ¶ 0.144[14.–16]—actions against employer under Section 301. Section 1391(b), Title 28, United States Code, provides that

"(b)[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, *or in which the claim arose.* . . ." (emphasis added)

Professor Moore believes that a claim "arises" in any state in which the defendant's contacts are sufficient to subject it to personal jurisdiction in that state. 1 Moore's *Federal Practice, supra*, ¶ 0.142[5.–2]. Further, Section 1391(c), Title 28, United States Code, provides that a corporation may be sued in any district in which it is "doing business." This provision has been construed to mean that if a corporation is subject to personal jurisdiction in the district, it is "doing business" there for venue purposes. 1 Moore's *Federal Practice, supra*, ¶ 0.142[5.–1–3], n. 43.

Because Campbell-Taggart is subject to personal jurisdiction in this district for the

reasons stated in Part I, *supra*, its motion to dismiss for improper venue will be denied.

III. *Subject-Matter Jurisdiction Over Title VII Claims Against Defendant Campbell-Taggart.*

Campbell-Taggart was not named as a respondent by plaintiffs in the charges they filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Exhibits A, B, F, and G to Complaint. Plaintiff has not alleged, and it does not appear from the determinations of the EEOC in Exhibits C, D, and E to the Complaint, that Campbell-Taggart was either given notice of plaintiff's charges or participated in the voluntary conciliation process initiated by the EEOC pursuant to Section 706(b) of Title VII, Section 2000e–5(b), Title 42, United States Code. Campbell-Taggart contends that because it was not named as a respondent in the EEOC charges, the Title VII claims asserted by plaintiffs against it should be dismissed for lack of subject-matter jurisdiction.

Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, Section 2000e–5(f)(1), Title 42, United States Code, provides that if a charge filed with the EEOC is dismissed, or if neither the EEOC nor the Attorney-General of the United States has filed a civil action,

". . . a civil action may be brought *against the respondent named in the charge* [A] by the person claiming to be aggrieved . . . ." (emphasis supplied)

In a number of cases involving attempts to name as defendants unions which were not named as respondents in the EEOC charges, federal courts have held that

"[i]t is a jurisdictional prerequisite to the filing of a suit under Title VII that a charge be filed with the EEOC against the party sought to be sued."

*Bowe v. Colgate-Palmolive Company*, 416 F.2d 711, 719 (7th Cir. 1969); *E.E.O.C. v. McLean Trucking Co.*, 525 F.2d 1007 (6th Cir. 1975); *Evans v. Sheraton Park Hotel*, 164 U.S.App.D.C. 86, 503 F.2d 177 (1974); *Williams v. General Foods Corp.*, 492 F.2d

399, 404 (7th Cir. 1974); *LeBeau v. Libbey-Owens-Ford Company*, 484 F.2d 798, 799 (7th Cir. 1973); *Miller v. International Paper Company*, 408 F.2d 283 (5th Cir. 1969); *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir. 1967). *See also: Norman v. Missouri Pacific Railroad*, 414 F.2d 73, 85–86 (8th Cir. 1969). There are two reasons for this rule:

> "First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Bowe v. Colgate-Palmolive Company, supra.*

*See also: Evans v. Sheraton Park Hotel, supra*, 503 F.2d at 183. However, several exceptions to this general rule have been recognized.

First, it has been held that if there was a "substantial identity" between a respondent named in the charges filed with the EEOC, and the defendants in the civil action who were not named in the EEOC charges, subject matter jurisdiction exists over the defendants who were not named. E. g. *Chastang v. Flynn and Emrich Co.*, 365 F.Supp. 957, 961–964 (D.Md.1973)—[trust committee members]; *McDonald v. American Fed. of Musicians of U. S. and Can.*, 308 F.Supp. 664, 669 (N.D.Ill.1970)—[secretary of local union]. *But see: Scott v. University of Delaware*, 385 F.Supp. 937, 940–942 (D.Del. 1972)—[claims against trustees and officers of university not named in charges against university dismissed because those individuals did not participate in the conciliation process].

Second, several courts have held or stated that subject matter jurisdiction exists over a defendant not named as a respondent in the EEOC charges, if that defendant so controlled the activities of a named respondent that the named respondent acted as its "agent," at least when that defendant had notice of and participated in the conciliation process. *Mickel v. South Carolina State Employment Service, supra*, 377 F.2d at 241 [dictum—state employment service held not to be "agent" for defendant employees]; *Escamilla v. Mosher Steel Company*, 386 F.Supp. 101, 105 (S.D.Tex.1975)—[parent of wholly owned subsidiary which either had, or should have had, notice of conciliation process]; *Hairston v. McLean Trucking Co.*, 62 F.R.D. 642, 661 (M.D.N.C.1974)—[combination of facts that initials of defendant appeared in EEOC charge and that "close relationship" existed between that defendant and the defendant named as respondent held sufficient]; *Taylor v. Armco Steel Corp.*, 373 F.Supp. 885, 911 (S.D.Tex.1973)—[local union acted as "agent" for international, but jurisdiction over international existed on other grounds]; *Sokolowski v. Swift and Company*, 286 F.Supp. 775, 782 (D.Minn.1968)—[dictum—local union not "agent" of international]. *But see: Jamison v. Olga Coal Company*, 335 F.Supp. 454, 460 (S.D.W.Va.1971).

Finally, jurisdiction over a defendant not named as a respondent has been held to exist when the defendant is joined as an "indispensable party" under Rule 19 of the Federal Rules of Civil Procedure, e. g. for interpretation of a collective bargaining agreement. *E.E.O.C. v. McLean Trucking Co., supra; Evans v. Sheraton Park Hotel, supra*, and cases cited therein, 503 F.2d at 177. *Cf. Norman v. Missouri Pacific Railroad, supra*, which suggested that new charges naming the indispensable party as a respondent be filed with the EEOC to give the party an opportunity to participate in the conciliation process.

It is plaintiffs' contention that Campbell-Taggart maintained "an intimate working relationship" with its subsidiary, defendant Manor Baking Company, which was named as a respondent in the EEOC charges; and that this "agency" relationship is alone sufficient to establish subject-matter jurisdiction over the Title VII claims against Campbell-Taggart. However, a mere agency relationship alone is not sufficient. Unless as a consequence of the relationship, Campbell-Taggart had notice of the charges filed with the EEOC by plaintiffs and participated in the conciliation

process, the purposes for the requirement that a defendant be named as a respondent in the EEOC charges would be frustrated. In both of the cases which have found subject matter jurisdiction over a parent corporation not named as a respondent because its subsidiary was named as a respondent in the EEOC charges, the parent had notice of the charges and participated in the conciliation process. *Escamilla v. Mosher Steel Company, supra; Hairston v. McLean Trucking Co., supra.* Because plaintiff has not alleged either that Campbell-Taggart had notice of the charges or participated in the EEOC conciliation process, the Title VII claims against Campbell-Taggart will be dismissed for lack of subject-matter jurisdiction without prejudice to amend the complaint if discovery warrants it. Dismissal of the Title VII claims does not preclude plaintiff from asserting claims against Campbell-Taggart under Section 1981, Title 42, United States Code. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

For the foregoing reasons, it is therefore

ORDERED that defendant Campbell-Taggart's motions to dismiss for lack of personal jurisdiction and improper venue be, and they are hereby, denied. It is further

ORDERED that all claims against defendant Campbell-Taggart under Title VII of the Civil Rights Act of 1964, Section 2000e, et seq., Title 42, United States Code, be, and they are hereby, dismissed without prejudice for lack of subject-matter jurisdiction.