### Ella Mae HILL

v.

**SINGING HILLS FUNERAL HOME, INC., Laurel Land Memorial Park, Laurel Land Funeral Home, Restland Funeral Home, Restland Memorial Park of Dallas.**

No. CA-3-77-0119-G.

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 3, 1978.

Gerard B. Rickey, E. Brice Cunningham, Dallas, Tex., for plaintiff.

Hugh M. Smith, Schoolfield, Smith & Weissert, Dallas, Tex., for defendants.

## MEMORANDUM ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

### Certifying Class

This is an employment discrimination action brought by a black female, Mrs. Ella Mae Hill, against her former employer, Singing Hills Funeral Home, Inc. (Singing Hills), for discrimination based on race and sex in violation of Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.*). Mrs. Hill claims that the president of Singing Hills Funeral Home, Inc. (Singing Hills) fired her from a management position because she is black and female. She seeks to represent a class of all blacks and females now or previously employed by Singing Hills as well as Restland Funeral Home (Restland), Laurel Land Memorial Park, Laurel Land Funeral Home, or Restland Memorial Park of Dallas. Singing Hills and the other defendants are wholly owned subsidiaries of Restland. The court has held a hearing on Mrs. Hill's Motion for Certification of Class.

### I.

### Jurisdiction

Defendants have challenged this court's jurisdiction over all defendants except Singing Hills. Although Mrs. Hill's charge of discrimination filed with the EEOC named only Singing Hills as her employer, she here sues not only Singing Hills but also Restland, the parent corporation, and its wholly owned subsidiaries.

Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–5(f)(1)] provides that if a charge filed with the EEOC is dismissed, or if neither the EEOC nor the Attorney General of the United States has filed a civil action, that:

. . . a civil action may be brought against the *respondent named in the charge* (A) by the person claiming to be aggrieved . . .. (Emphasis added)

As a general rule, it is a jurisdictional prerequisite to the filing of a suit under Title VII that a charge be filed with the EEOC against the party sought to be sued. *Stith v. Manor Baking Co.,* 418 F.Supp. 150 (W.D.Mo.1976).

Chief Judge Becker noted in *Stith* several exceptions, two of which are applicable here: (1) "If there was a 'substantial identity' between a respondent named in the charges filed with the EEOC, and the defendants in the civil action who were not named in the EEOC charges, subject matter jurisdiction exists over the defendants who were not named." and (2) "Subject matter jurisdiction exists over a defendant not named as a respondent in the EEOC charges, if that defendant so controlled the activities of a named respondent that the named respondent acted as its 'agent,' at least when that defendant had notice of and participated in the conciliation process."

Here the defendants meet both tests. First, there is substantial identity among Singing Hills and the other defendants. They share a president, personnel director—

virtually all key personnel. Second, indisputedly, the parent corporation, Restland, controlled the activities of Singing Hills. The control is demonstrated by the conciliation process; Restland responded to the charge filed with the EEOC and the EEOC investigation encompassed all defendants. Finally, all defendants participated in the conciliation process.

## II.

### Class Determination

Mrs. Hill seeks to represent all blacks and females now or previously employed by any of the defendants. Mrs. Hill alleges discrimination in hiring, compensation, training, and promotion. Mrs. Hill alleges that she was hired as a manager and classified as Grade 3 while other nonprofessional white, male managers have been placed in Grade 4, a higher paid classification.

Mrs. Hill claims to have been presented with an ultimatum that she transfer to the sales force or be terminated. She points out that blacks in sales have historically earned less than one-half as much as whites, urging that black salesmen are allowed to sell only in poorer black neighborhoods. Defendants challenge the inclusion of salespersons in the class, urging that Mrs. Hill did not state any facts in her EEOC complaint alleging the issuance of an ultimatum that she transfer to the sales force. But the scope of the district court complaint filed pursuant to Title VII "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission." In other words, the "scope" of the judicial complaint may extend to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970), *Id.,* 466. Mrs. Hill's failure to contest in her EEOC complaint her proposed transfer to the sales force does not bar her present complaint because the EEOC investigation encompassed that proffered position.

Before the court can certify a class, the requirements of Fed.R.Civ.P. 23(a) and 23(b) must be met. Rule 23(a) provides:

(a) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(2) provides that in addition to satisfying Rule 23(a), an action may be maintained as a class action if the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

The defendants had a combined total of approximately 278 employees in 1976 when Mrs. Hill terminated—33 blacks (including females) and 100 females. There are enough class members to satisfy Rule 23.

Defendants contend that there are no common questions of law or fact which would be applicable to Mrs. Hill and the sales force, or any other group of employees. The Fifth Circuit has taken the view that the thrust of a racially discriminatory policy is a question of fact common to all members of the class permitting an "across the board" attack on unequal employment practices alleged to have been committed by an employer. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969). As a party who has allegedly been aggrieved by some of those discriminatory practices, Mrs. Hill may represent other class members suffering from different practices but the product of the same animus if she demonstrates a sufficient nexus among these practices. *See Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895 (5th Cir. 1978) at 900. She has done so.

Mrs. Hill has presented statistical evidence of defendants' practices and policies sufficient to establish a prima facie case of discrimination based on race and sex. She has also alleged company-wide racial discrimination in compensation, hiring, training, and promotion. Mrs. Hill was offered a transfer to sales or the alternative of terminating; this proffered transfer, here allegedly a pretext, meets the test proffered in *Payne*. Once a sufficient nexus has been demonstrated, a plaintiff may make an "across the board attack" and the requirement of typicality of claims is deemed met, as well as the requirements of Rule 23(b)(2).

The final prerequisite for class certification is that Mrs. Hill fairly and adequately protects the interests of the class. Mrs. Hill has vigorously pursued this action and appears interested in actively litigating all issues. She is bright, articulate, and possesses the means necessary to carry the burden of a class action with the goal of alleviating discrimination by defendants.

Certification of a class action on behalf of all black and female employees, present and past, is proper.

It is THEREFORE ORDERED, ADJUDGED and DECREED that plaintiff's Motion for Certification of Class should be and hereby is GRANTED.