David SCHICK, Individually and on behalf of all others similarly situated, Plaintiff,

v.

Harry I. BRONSTEIN, Individually and in his official capacity as City of New York, Director of Personnel and Chairman of Civil Service Commission, City of New York, James Smith and Josephine Cambino, Individually and in their official capacities as members of the New York City Civil Service Commission, Michael J. Codd, Individually and in his official capacity as Commissioner, New York City Police Department, the City of New York, the New York City Civil Service Commission, the New York City Department of Personnel, the New York City Police Department, Defendants.

No. 74 Civ. 2059.

United States District Court, S. D. New York.

March 10, 1978.

Richard S. Pardes, Scarsdale, N. Y., for plaintiff.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants; Norma L. Kerlin, Asst. Corp. Counsel, New York City, of counsel.

LASKER, District Judge.

In 1969, David Schick applied for the position of Patrolman with the New York City Police Department. Although he passed the written examination, Schick's application was rejected because he failed to meet the 5′ 7″ height requirement then in effect for the job.

At the time of Schick's application, the position of Patrolman was open only to men. Women were considered for the position of Policewoman, which involved different duties, and were required to meet only a 5' 2" height requirement. In September and October of 1973, in response to the amendment of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, to bar sex discrimination by municipalities, the Police Department abolished the difference between the jobs of Patrolman and Policewoman, eliminated the minimum height requirement, and approved identical physical standards for men and women.

In September of 1973, the Police Department announced that an examination would be offered for applicants to the equivalent positions of Patrolman and Policewoman. Schick did not take this examination but instead, in November of 1973, wrote to the Police Department to be reconsidered for appointment in view of his standing on the 1969 list and the elimination of the height requirement. In January of 1974, the Department wrote Schick rejecting his reapplication. He was informed that the 1969 height requirement could not be abolished retroactively and advised that if he "believes he can meet the 5' 7" height requirement for this position, he may request a reexamination while the 1969 list is still alive."

On October 3, 1973, Schick filed a complaint with the New York State Equal Employment Opportunities Commission ("EEOC") alleging that he was unlawfully discriminated against on the basis of sex. In May of 1974, after receiving a "Right to Sue" letter from the EEOC, Schick brought this suit, alleging that the defendants violated his rights under Title VII, the Fourteenth Amendment, and 42 U.S.C. § 1983, and asking for injunctive and declaratory relief and damages.

In February of 1977, Schick moved for summary judgment. Instead of answering the motion, the City moved to dismiss the complaint. The City's motion was granted by this court in June of 1977 only to the extent of dismissing the § 1983 claims against New York City and its constituent parts for lack of jurisdiction and the § 1983 damages claims against the individual defendants in their official capacities. After this disposition of the motion to dismiss, the City cross moved for summary judgment. We consider now the merits of Schick's motion for summary judgment and the City's cross motion.

## I.

### *The City's Motion for Summary Judgment*

#### A. *Subject Matter Jurisdiction Under Title VII*

In its motion to dismiss, the City argued that the court lacked subject matter jurisdiction over Schick's Title VII claim since he alleged a discriminatory act in 1969, his initial failure to be hired, although Title VII did not become applicable to municipalities and municipal agencies until 1972. In rejecting this claim, we found that Schick had alleged a discriminatory act following the amendment of the statute, namely the Department's refusal in 1974 to reconsider his 1969 application after the City had eliminated its prior height requirement. The City now relies on this decision to argue on a new ground that the court lacks subject matter jurisdiction over the Title VII claim.

■ Title VII requires that a complaint be lodged before the EEOC prior to commencement of a civil suit, 42 U.S.C. § 2000e–5(b), in order to permit the EEOC to attempt an informal conciliation between the parties. The City argues that Schick has not fulfilled this requirement since he has filed different claims before the EEOC and this court. The argument runs that, since the EEOC complaint was filed in October of 1973, it cannot deal with the subject matter of the federal claim which has been identified by the court as an act of discrimination by the City occurring in 1974. Because the statutory framework has been violated, the City asserts that the Title VII claim should be dismissed.

We do not agree that the charges brought before the EEOC differ in any significant respect from those before this court. Schick filed the following complaint with the EEOC:

"I am being discriminated against because of my sex (male) in not being hired as a New York City police officer because of my height, which is below the minimum 5 feet 7 inch requirement in existence at the time I took the written examination in April, 1970 whereas the then existing height requirement for women was 5 feet 2 inches. For the next police officer examination to be given on or about December 15, 1973 there are no height requirements for men or women. I passed the April, 1970 examination, was placed on the police officer list but have been passed over and not called even though I believe that the height requirement for men and women has been eliminated."

This complaint deals not only with the Department's initial refusal to appoint Schick but also with its failure to appoint him following the elimination of the height requirement, which is the subject of the federal suit. The substance of the two complaints is certainly sufficiently similar to have alerted the EEOC to what is now the subject matter of this federal suit and to permit it to attempt a conciliation between the parties which could have averted this suit.[1] Accordingly, we reject the City's argument in this regard.

B. *Lack of Title VII Jurisdiction as to Certain Defendants*

■ The City argues that the court lacks jurisdiction under Title VII as to six of the eight defendants. The statute provides that "a civil action may be brought against the respondent named in the [EEOC] charge . . . ." 42 U.S.C. § 2000e–5(f)(1). In his complaint before the EEOC, Schick named as defendants the New York City Police Department and the City Personnel Department. However, he has added as defendants in this suit the City of New York, the City Civil Service Commission, and various individual members of the defendant agencies. The City asserts that failure to charge a party before the EEOC deprives a court of subject matter jurisdiction under the statute and therefore the Title VII claim should be dismissed as to the new defendants.

Schick answers the City by relying on several exceptions to the statutory requirement, including theories of agency and "substantial identity" between the named and unnamed defendants, which are set out in *Stith v. Manor Baking Co.*, 418 F.Supp. 150 (W.D.Mo.1976). The key to these theories, however, is a finding by the court that the defendant named only in the court action had notice of the EEOC proceeding and therefore participated in the conciliation process.[2] In this case, where Schick has provided no proof that the new defendants had notice of the agency proceeding or, because of their positions, were likely to receive such notice, such a finding cannot be made. Therefore, the Title VII claims are dismissed as to those defendants named

---

1. Moreover, the EEOC's "Right to Sue" letter was not sent to Schick until April of 1974, which suggests that the agency might have been aware, in reviewing Schick's charges, that the Department had rejected his application in January of 1974.

2. In rejecting the agency theory in *Stith, supra,* 418 F.Supp. 150, 156, the court said:

"However, a mere agency relationship alone is not sufficient. Unless as a consequence of the relationship, Campbell-Taggart had notice of the charges filed with the EEOC by plaintiffs and participated in the conciliation process, the purposes for the requirement that a defendant be named as a respondent in the EEOC charges would be frustrated."

Substantial identity has been found only in situations in which a court has concluded that the unnamed defendant was aware of the agency proceeding. See *Chastang v. Flynn and Emrich Company,* 365 F.Supp. 957, 963 (D.Md. 1973) ("It is apparent from these facts that the three Turners were, if not *the* persons, at least among the persons at F&E with whom the EEOC would have had to deal to obtain voluntary compliance") (emphasis in original); *McDonald v. American Fed. of Musicians of U.S. and Can.,* 308 F.Supp. 664, 669 (N.D.Ill.1970) ("Here the defendant Nye is the Recording Secretary of Local 10–208. He is subject to the provisions of Title VII and any notice and investigation of the charges against Local 10–208 must have included him since it was through him that the allegedly discriminatory fees were collected.")

for the first time in this action, with the exception of the New York City Civil Service Commission which is named as a defendant in the "Right to Sue" letter and thus appears to have been considered a party by the EEOC.

### C. Recovery of Damages Under the Fourteenth Amendment

■ The City argues that Schick is not entitled to money damages in his claim under the Fourteenth Amendment since no such remedy is recognized in this circuit. In *Gentile v. Wallen,* 562 F.2d 193 (2d Cir. 1977), the Court of Appeals found that the plaintiff, a discharged elementary school teacher, had stated a valid cause of action in suing members of the school board under the Fourteenth Amendment. But, since the court found that Gentile had not established a constitutional violation, it did not reach the question whether she could recover damages or only injunctive relief. It is therefore an unsettled question in this circuit whether Schick can be awarded damages on a claim under the Fourteenth Amendment. Because the issue is presently sub judice before the Court of Appeals, see *Turpin v. Mailet,* Dkt. No. 77–7345 (argued en banc, January 27, 1978), we reserve judgment on the question until that case is decided.

### D. Miscellaneous Claims

The City makes several final arguments which deal with the scope of the relief to be granted in the event the court finds in favor of Schick as to liability. Specifically, the City argues that the court does not have the power to appoint but may only recommend appointment of Schick to the police force, that the court may not order retroactive seniority for purposes of retirement, and that the court should exercise its discretion against an award of back pay. These questions are considered below following the determination of the merits of Schick's motion.

## II.

### *Schick's Motion for Summary Judgment*

#### A. The Substance of the Claim.

■ Schick argues that the Police Department denied his application [3] to the police force in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and various state law provisions. Schick's motion, which was submitted before this court's decision of June, 1977, appears to contend that the elimination of the height requirement should be applied retroactively to his original application in 1969. However, our decision of last June specified that, due to the three year statute of limitations applicable to claims brought directly under the Constitution and under 42 U.S.C. § 1983, and because Title VII was not applicable to these defendants until 1972, the only act which the court could review was the Police Department's refusal to consider the reapplication Schick made in November of 1973.

■ It is undisputed that the Police Department notified Schick in 1974, after the height requirement was abolished, that he would not be considered for the 1969 list, which was still open at that time, unless he satisfied the 5′ 7″ height requirement. We find that this application to Schick in 1974 of a height requirement different from that applied to women, constituted an unlawful form of discrimination in violation of the Equal Protection Clause. In *Craig v. Boren,* 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1976), the Supreme Court held that

> "[T]o withstand constitutional challenge, previous cases establish that classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." See *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

Here, where the height requirement had been abolished by the Department itself prior to Schick's 1973 application, it is clear

---

3. The motion attacks the denial of Schick's applications in both 1969 and 1973.

that even the Department acknowledged that such a classification did not serve an "important governmental objective." For the same reasons, we find that the Department's application of the height requirement in 1974 constituted a refusal of employment based on sex, in violation of Title VII and § 1983.[4]

B. *The Question of Relief*

■ The present record is insufficient to permit a determination of the scope of the relief to which Schick may be entitled. In his complaint, he requests that the court order his appointment to the Police Academy together with "back pay and other benefits of employment." Our finding, however, is only that the Police Department acted unlawfully in rejecting his application of November, 1973, and without further proof it cannot be decided whether, if that application had been granted, his position would be such as to entitle him to present appointment. Moreover, Schick must satisfy the remaining prerequisites to certification, such as a background check. Only if it is determined that in the normal course Schick's name on the eligibility list would have come up by now will it be necessary to reach the questions raised by the City concerning whether the court has power to order appointment to the police force, retroactive seniority and back pay.

■ Schick also seeks damages, as distinct from back pay. As indicated above, judgment is reserved on Schick's damage claim under the Fourteenth Amendment pending the outcome of *Turpin v. Mailet, supra*. As to claims under Title VII, awards of compensatory or punitive damages are not authorized by the statute, *Whitney v. Greater N.Y. Corp. of Seventh-*

*Day Adv.,* 401 F.Supp. 1363 (S.D.N.Y.1975); see also, *Travers v. Corning Glass Works,* 76 F.R.D. 431, 436 (S.D.N.Y.1977); and in the decision of June, 1977, we held that Schick was not entitled to damages under § 1983 from the municipal defendants, *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), or from the individual defendants in their official capacities, *Monell v. Department of Social Services,* 532 F.2d 259 (2d Cir. 1976). We find now that Schick is precluded from recovering damages from the individual defendants in their individual capacities under § 1983 because he has failed to allege that they acted in bad faith. *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ Schick is entitled to move by separate motion for attorney's fees, specifying the amount of the award he seeks.

In sum, the City's motion is granted to the extent of dismissing the Title VII claims against defendants Bronstein, Smith, Cambino, Codd, and New York City and denied in all other respects. Schick's motion is granted on the issue of liability. What proof is required in order to determine an appropriate remedy will be considered at a meeting to be held with the parties. Judgment is reserved on the question whether Schick can recover damages, as distinct from back pay, under the Fourteenth Amendment.

It is so ordered.

---

**4.** Although Schick seeks relief in his complaint under the Fourteenth Amendment, Title VII, and 42 U.S.C. § 1983, the only federal basis for relief in his motion for summary judgment is the Fourteenth Amendment. However, the court has the power to rule in Schick's favor on these additional grounds as a result of the City's motion for summary judgment. Rule 56 has been interpreted to provide that, once one party has moved for summary judgment in its favor, the court may rule instead for the mov-

ant's adversary if the case warrants this result. *Morrissey v. Curran,* 423 F.2d 393 (2d Cir. 1970); *Harcourt Brace & World, Inc. v. Graphic Controls Corp.,* 329 F.Supp. 517 (S.D.N.Y. 1971); 6 Moore's Federal Practice ' 56.12.

This decision does not encompass the state law claims which were not briefed by the parties. However, if the plaintiff is entitled to any relief under these provisions which he has not otherwise been granted, he may move for such relief.