John H. WILLIAMS et al., Plaintiffs,

v.

SOUTHERN BELL TELEPHONE &
TELEGRAPH COMPANY et al.,
Defendants.

No. 77–1895–CIV–JAG.

United States District Court,
S. D. Florida,
Civil Division.

Feb. 5, 1979.

Offices of Gars & Dixon, Miami, Fla., for plaintiff Melissa M. Poller.

Adair, Goldthwaite, Stanford & Daniel, P. A., by Patrick M. Scanlon, Atlanta, Ga., for Communication Workers of America, AFL–CIO.

Harris R. Anthony, Southern Bell Telephone & Telegraph, Legal Department, Vincent L. Sgrosso, Atlanta, Ga., for defendant Southern Bell.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the following motions:

1) Southern Bell's Motion to Dismiss.

2) Communications Workers of America's Motion to Dismiss; and

3) Melissa Poller's Motion for Leave to File Amended Complaint.

The plaintiff, John H. Williams, filed this complaint alleging that the defendants, Southern Bell and Communications Workers of America, have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The plaintiffs' complaint contained class action allegations on behalf of all black employees of Southern Bell who are union members in C.W.A. and are adversely affected by discriminatory practices of Southern Bell and CWA.

The original complaint filed by John H. Williams contained the necessary "jurisdictional" allegations for a Title VII employment discrimination case. The plaintiff alleged the filing of a grievance with the E.E.O.C. within 180 days of the discriminatory act. See *Bracamontes v. Amstar Corporation*, 576 F.2d 61 (5th Cir. 1978). The plaintiff further alleged that he received a "Right to Sue" letter; *Stebbins v. Continental Insurance Companies*, 143 U.S.App. D.C. 121, 442 F.2d 843 (1971); and that he filed suit in this court within 90 days of receiving his letter. *Turner v. Texas Instruments*, 556 F.2d 1349 (5th Cir. 1977).

Thereafter, the plaintiff amended his complaint to join fourteen putative class members as co-plaintiffs. The jurisdictional allegations of the amended complaint were altered to allege only that within 180 days of the discriminatory act "charges of employment discrimination were filed with The Equal Employment Opportunity Commission (EEOC) by the plaintiffs herein against the defendants." The complaint continues to allege that "at numerous times, the plaintiffs received a Notice of Right to Sue. . . ." The plaintiffs failed to attach any of their notices to the complaint.

On April 10, 1978, ten months after filing the original complaint, the Court allowed plaintiff's counsel to withdraw and struck the class action allegations from the complaint for failure to timely move for certification. See Local Rule 19(A)(3). See also *Strozier v. General Motors Corp.*, 13 F.E.P.

963 (H.D.Ga.1977); *Winfrey v. General Motors Corp.,* 11 F.E.P. 649 (H.D.Ga.1974); and *Walton v. Eaton Corp.,* 563 F.2d 66 (3rd Cir. 1977).

In allowing the plaintiff's attorney to withdraw, the Court directed all plaintiffs to obtain other counsel or file personal appearances notifying the Court of their intent to proceed pro se. Only two plaintiffs complied with this order. Timothy Lucas Adams filed a pleading indicating his desire to proceed without counsel until he could secure the same. The law firm of Gars & Dixon filed an appearance on behalf of Melissa M. Poller. Whereupon the Court dismissed without prejudice the remaining plaintiffs, including John Williams, the original sole complainant.

Southern Bell now moves to dismiss this cause as to Adams and Poller arguing that the complaint fails to allege the various jurisdictional prerequisites. The plaintiff alleges that neither Poller nor Adams filed complaints with the EEOC, nor have either of them received a right to sue letter. The defendant, Southern Bell, adopts the position that this Court is without jurisdiction unless the plaintiffs allege a charge to the EEOC and receipt of a right to sue letter within 90 days of filing suit.

■ The Court finds, however, that it is not necessary for either plaintiff to allege the exhaustion of their administrative remedies with the EEOC under the facts of this case. The record reflects that the original class action complainant, John Williams, did exhaust his administrative remedies prior to filing suit; therefore, vesting this Court with subject matter jurisdiction to determine his charge of discrimination as well as to determine the rights of all persons similarly situated. *Oatis v. Crown Zellerbach Corporation,* 398 F.2d 496 (5th Cir. 1968); *Miller v. International Paper Company,* 408 F.2d 283 (5th Cir. 1969); *Wheeler v. American Home Products Corporation,* 563 F.2d 1233 (5th Cir. 1977); *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876 (8th Cir. 1977); *Bowe v. Colgate Palmolive Company,* 416 F.2d 711 (7th Cir. 1969); *Plummer v. Chicago Journeyman Plumbers'* *Local Union No. 130,* 452 F.Supp. 1127 (N.D.Ill.1978); and *Diaz v. Pan American World Airways, Inc.,* 346 F.Supp. 1301 (S.D. Fla.1972).

■ As Rule 23, Fed.R.Civ.P. is merely a procedural device designed to assist the courts and litigants to efficiently handle similarly founded suits, *Roper v. Consurve, Inc.,* 578 F.2d 1106 (5th Cir. 1978); it cannot be argued that the failure to certify a proposed class action has any bearing upon the Court's subject matter jurisdiction. See e. g. *Wheeler v. American Home Products Corporation, supra; Allen v. Amalgamated Transit Union Local 788, supra.*

The law in the Fifth Circuit is clear that each putative class member in Title VII employment discrimination suit need not exhaust his administrative remedies. As Judge Bell (now Attorney General Bell) stated:

"It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful. *The better approach would appear to be that once an aggrieved person raises a particular issue with the EEOC which he has standing to raise, he may bring an action for himself and the class of persons similarly situated and we proceed to an examination of this view.*

\*  \*  \*  \*  \*  \*

Additionally, it is not necessary that members of the class bring a charge with the EEOC as a prerequisite to joining as *co-plaintiffs* in the litigation. It is sufficient that they are in a class and assert the same or some of the issues." *Oatis v. Crown Zellerbach Corporation, supra.*

■ The Court further finds that the dismissal of Williams as a plaintiff should not, and does not, infringe upon the Court's ability to adjudicate the rights of the co-plaintiffs. See *Wheeler v. American Home Products Corporation, supra.* It is true, of course, that the two remaining plaintiffs

are bound by the issues that could have been advanced by the original complainant, John Williams, who exhausted his administrative remedies. *Oatis v. Crown Zellerbach, supra.*

■ Melissa Poller has made a passing reference to the fact that she has subsequent to the filing of the complaint by Williams, received a right to sue letter from the EEOC and has expressed a desire to file an amended complaint. This would allow her to press her charge of racial *and* sex based discrimination. The fact that a plaintiff has received one's right to sue letter subsequent to the filing the law suit it is not required that the complaining party file suit anew. *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee,* 440 F.Supp. 506 (N.D.Cal.1977); and *Black Musicians of Pittsburg v. Local 60–471 American Federation of Musicians,* 375 F.Supp. 902 (W.D.Pa.1974). The Court will allow the plaintiff, Melissa Poller, to file an amended complaint as limited by the issues that could have been asserted by John Williams or as limited by the scope of the charges made to the EEOC which preceded the issuance of her right to sue letter. See *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970).

The Communications Workers of America (CWA) has filed a motion to dismiss the claims against it for failure of the plaintiffs to name it as a respondent in the charges filed with the EEOC. The CWA contends that the Court lacks subject matter jurisdiction over the Title VII claims against it.

Section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–5, establishes the procedure for pursuing claims of employment discrimination. The claimant files a charge with the EEOC, which investigates the charge and attempts to mediate the claims of the respective parties. If the conciliation fails, the EEOC issues a right to sue letter informing the complainant of their right to sue in federal district court to obtain relief.

The procedure has the two-fold purpose of notice to the charged party and of bringing the charged party before the EEOC in an attempt to secure voluntary compliance with Title VII. See *Diaz v. Pan American World Airways, Inc., supra.*

■ As a result of the policy favoring administrative compliance with the equal opportunity provisions, a general rule has evolved barring a complainant from advancing a claim pursuant to Title VII against a party not named in the EEOC charge giving rise to the lawsuit. E. g. *Mickel v. State Employment Service,* 377 F.2d 239 (4th Cir. 1967); *Lewis v. Southeastern Pennsylvania Transportation Authority,* 440 F.Supp. 887 (E.D.Pa.1977); *Wallace v. International Paper Company,* 426 F.Supp. 352 (W.D.La.1977); and *Cox v. United States Gypsum Co.,* 284 F.Supp. 74 (N.D.Ind.1968). The Seventh Circuit has categorized this requirement as jurisdictional. *Williams v. General Foods Corp.,* 492 F.2d 399 (7th Cir. 1974); *LeBeau v. Libbey-Owens-Ford Company,* 484 F.2d 798 (7th Cir. 1973); see also *Sokolowski v. Swift & Company,* 286 F.Supp. 775 (D.Minn.1968). *Arnold v. Consolidated Freight Ways, Inc.,* 399 F.Supp. 76 (S.D.Tex.1975); *Holiday v. Red Ball Motor Freight, Inc.,* 399 F.Supp. 81 (S.D.Tex.1975); *Jamison v. Olga Coal Company,* 335 F.Supp. 454 (S.D.W.Va.1971). The Fifth Circuit has not decided the issue. See *Guerra v. Manchester Terminal Corporation,* 498 F.2d 641 (5th Cir. 1974). The recent trend by the Courts that have decided the issue indicate that the general rule is not absolute but subject to several policy-created exceptions. See *Glus v. G. C. Murphy Company,* 562 F.2d 880 (3rd Cir. 1977); *E.E.O.C. v. McLean Trucking Company,* 525 F.2d 1007 (6th Cir.); *EEOC v. Detroit Edison Company,* 515 F.2d 301 (6th Cir. 1975); *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974); *Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 503 F.2d 177 (1974); *Hill v. Singing Hills Funeral Home,* 77 F.R.D. 746 (N.D.Tex. 1978); *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee,* 440 F.Supp. 506 (N.D.Cal.1977); *Curran v. Portland Superintending School Committee,* 435 F.Supp.

1063 (D.C.Me.1977); *Stevenson v. International Paper Company,* 432 F.Supp. 390 (W.D.La.1977); and, *Byron v. University of Florida,* 403 F.Supp. 49 (N.D.Fla.1975); and *Taylor v. Armco Steel Corporation,* 373 F.Supp. 885 (S.D.Tex.1973).

This Court does not believe that plaintiff's failure to name the C.W.A. as a respondent in their charge with the EEOC automatically entitles the C.W.A. to relief. Instead, the Court will consider the four factors identified in *Glus v. G. C. Murphy Company, supra.*

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

As the plaintiffs failed to respond to the "Letter Motion" of the C.W.A., and the complaint as drafted fails to disclose any facts which would satisfy the aforementioned factors, the Court will grant C.W.A.'s motion to dismiss as to it. The dismissal will be without prejudice, however, to the amended complaint renaming it as a defendant predicated upon allegations of fact which would satisfy the *"Glus"* Criteria.

Based upon the foregoing, it is

ORDERED AND ADJUDGED as follows:

1) The Motion to Dismiss of Southern Bell is hereby DENIED.

2) The Motion to Dismiss of C.W.A. is hereby GRANTED without prejudice to the right of Melissa Poller renaming the C.W.A. in conformity with this opinion.

3) The Motion to Amend filed on behalf of Melissa Poller is GRANTED. The plaintiff will be allowed twenty (20) days from the date of this order within which to file her Amended Complaint.

4) The Plaintiff, Timothy Adams, is directed to file a report as to his intent to remain a co-plaintiff with Melissa Poller; and to show good cause why this action should not be dismissed as to him for failure to prosecute. The plaintiff, Timothy Adams, will be allowed twenty (20) days from the date of this order to file said report.