Melvin COLES, Plaintiff,

v.

General Howard W. PENNEY et al., Defendants.

Civ. A. No. 73–1626.

United States District Court,
District of Columbia,
Civil Division.

April 7, 1978.

Lawrence J. Speiser, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Asst. U. S. Atty., Richmond I. McKay, Trial Atty., Commercial Litigation Section, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

Plaintiff Melvin Coles brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Equal Employment Opportunity Act of 1972, alleging employment discrimination by the Defense Mapping Agency. Plaintiff alleges a pattern and practice of discrimination by defendants beginning in 1955 and continuing to the present in failing to promote him on a number of occasions, even though he applied for the promotions and was allegedly qualified for them. Plaintiff has worked his way up to his present GS–13 rating through a non-competitive promotion plan and classification upgrading. He alleges, however, that he has never once been awarded a promotion through the merit promotion plan.

Plaintiff filed an administrative complaint of discrimination in 1970, which alleged discrimination with respect to a specific promotion incident, and also a continuing pattern or practice of discrimination throughout his term of employment at the Defense Mapping Agency. The 1970 complaint was timely filed with respect to the specific promotion incident, which incident

has been labeled as the P.D. # 202–70 claim. Plaintiff filed a second timely administrative complaint in 1972, but the specific allegations of this complaint have been withdrawn by plaintiff during this lawsuit. Plaintiff was denied relief in the administrative proceedings (with respect to both the 1970 and the 1972 complaints) and this action was timely filed. See *Coles v. Penny,* 174 U.S.App.D.C. 277, 531 F.2d 609 (1976).

Now before the Court is defendants' motion for partial summary judgment. Defendants concede that the 1970 complaint was timely filed with respect to P.D. # 202–70, and that plaintiff thus alleges a valid claim with respect to this individual incident. However, defendants assert that because plaintiff failed to file (and have pending on the date of the 1972 amendments to Title VII) an administrative complaint with respect to any of the promotion incidents prior to P.D. # 202–70 within the applicable time limit for such a filing, a cause of action under Title VII, arising from any of these incidents, is now time barred. In addition, defendants assert that a cause of action arising from the specific promotion incidents subsequent to the 1970 complaint is barred because plaintiff failed to file a timely administrative complaint with respect to any of these incidents and thus has failed to exhaust his administrative remedies.

With respect to plaintiff's position that his allegation of a continuing pattern and practice of discrimination makes these prior promotion incidents actionable at any time, defendants contend that regardless of what the rule may be for true "continuing violations," plaintiff does not present such a case.

In opposition to defendants' motion, plaintiff contends that, although an action on any one of these incidents would be untimely, the 1970 administrative complaint and the pleadings in this action as well, do in fact allege the sort of "continuing violation" of plaintiff's rights that are actionable at any time. Plaintiff reasons that the alleged discriminatory failure to promote

him was continuous from 1955 to the present, as evidenced by the specific incidents of alleged discrimination, and that this continuum of discrimination is in itself a present violation of Title VII which opens up the full course of plaintiff's employment to administrative and judicial scrutiny.

In *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), a sex discrimination case in which the plaintiff was attempting to avoid an untimeliness problem by alleging a continuing violation, the Supreme Court stated that

> [a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences. . . . [T]he emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists. 431 U.S. at 558, 97 S.Ct. at 1889 (emphasis in the original).

The Court concluded that plaintiff could avoid the untimeliness problem only by attacking the seniority system itself, which caused the present effect of the past discrimination. The Court found that the seniority system was neutral in its operation, and affirmed dismissal of the cause by the District Court.

■ Under *United Air Lines,* there is no doubt that a Title VII action on any of the alleged incidents of discrimination themselves, from 1955 to the present, excepting the incident involving P.D. # 202–70, is time barred because no timely administrative complaints were filed with respect to these incidents. This is true regardless of whether plaintiff presents the incidents individually or en masse. As defendants have persistently argued, each alleged incident of discrimination is really a disparate treatment claim, and to lump all of these claims together does not change their character

into something other than disparate treatment claims. The same policies which justify the requirement of a timely filing of an administrative complaint in any individual case apply with equal force when many individual incidents are raised together. Defendants would still be faced with the possibility of having to rebut a *prima facie* case with respect to each incident, and would run into the same problems of lost evidence, faded memories, and witnesses that have disappeared. Defendants in fact assert that the records for most of the promotion actions raised by plaintiff have been discarded in the regular course of business. In addition, the benefit of a well developed administrative record is no less important to a court reviewing a number of alleged incidents of discrimination, than when reviewing only a single incident.

The cases cited by plaintiff in support of his contention that past incidents of alleged discrimination can properly be raised in this suit to prove his continuing pattern and practice claim state nothing more than the principles recognized in *United Air Lines* that a continuing pattern of practice suit is timely filed if a plaintiff is challenging a present practice or system, and that a plaintiff may prove past injury caused by this illegal system and thereby win a back pay award if he first succeeds in the "violation stage" of the proceedings.

For example, in *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979 (1973), one of the cases on which plaintiff primarily relies, the Court states that

> the claim that the 'action was not timely commenced is not well taken because one isolated incident is not being challenged but rather an entire allegedly discriminatory system.' 156 U.S.App.D.C. at 77, 478 F.2d at 987.

In *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir. 1975), the court stated in the context of reviewing an untimeliness defense that

> plaintiffs here challenge the entire promotion system maintaining that it continually operated so as to hold them in lower echelons. 522 F.2d at 348.

*See also Burwell v. Eastern Air Lines, Inc.,* 394 F.Supp. 1361, 1367 (E.D.Va.1975); *Stallings v. Container Corp. of America,* 75 F.R.D. 511 (D.Del.1977); *Miller v. Miami Prefabricators, Inc.,* 438 F.Supp. 176, 179–80 (S.D.Fla.1977).

The consequence of these cases and the prior discussion is that plaintiff's evidence of a history of discrimination against him throughout his term of employment at the Defense Mapping Agency is insufficient to establish a "continuing pattern and practice violation" of Title VII. However, this is not to say that plaintiff is restricted in this action to the issue of discrimination with respect to the timely filed P.D. # 202–70 complaint (with the alleged history of discrimination raised in support of this distinct disparate treatment claim). Within plaintiff's pretrial brief and memorandum in opposition to defendants' summary judgment motion, the Court finds allegations that the system of procedures by which defendants implement the merit promotion program in fact has adverse impact on blacks competing for promotions. In addition, plaintiff has alleged that the system is arbitrary and capricious, which in effect is to say that any adverse impact established would not have any "business necessity" justification.

■ Specifically, plaintiff has made the following assertions of unfairness (and implicitly of adverse impact):

(1) Supervisory experience rather than supervisory potential is used as a ranking criterion;

(2) Education prior to employment at the agency is given less weight than education subsequent to employment;

(3) Only the cartographic experience acquired within the preceding six to ten years is to be credited;

(4) Subjective judgment of the members of the rating panels carries too much weight.

In order to prevail in this violation stage of the proceedings (and get to the remedy stage), plaintiff will first have to establish

that the above or additional allegations are timely and that the practices alleged adversely affect blacks as a group at the Defense Mapping Agency. This proof could be most easily established by statistical evidence. However, as recognized by *Stallings, supra,* plaintiff's own experience with this promotional system is relevant to the issue of whether the system adversely affects blacks.

If plaintiff succeeds with his proof of adverse impact, defendants could avoid a finding that the promotional system of the agency is in violation of Title VII by establishing that any of the promotional procedures which adversely affect blacks are "significantly related to successful job performance" or are otherwise justified by "business necessity." *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). If defendants were to fail in establishing justification, plaintiff would have proved a violation of Title VII and could proceed to demonstrate the extent to which this illegal system injured him in the past, in order to establish his back pay award.

Accordingly, it is this 7th day of April, 1978, hereby:

ORDERED that defendants' motion is granted with respect to all alleged incidents of discrimination, excepting the P.D. # 202–70 incident, to the extent that plaintiff presents them as a mere series of disparate treatment claims; and it is

FURTHER ORDERED that defendants' motion is denied to the extent that plaintiff has alleged that the system of promotional procedures at the Defense Mapping Agency, under the merit promotion plan, adversely affects blacks and is not significantly related to successful job performance, in violation of Title VII . . ..