Rita P. BRACAMONTES and Isabel Manale, Plaintiffs-Appellants,

v.

AMSTAR CORPORATION, Defendant-Appellee.

No. 76–2203.

United States Court of Appeals, Fifth Circuit.

July 7, 1978.

M. H. Gertler, Judith Warshawsky, New Orleans, La., for plaintiffs-appellants.

G. Phillip Shuler, III, David L. McComb, New Orleans, La., for defendant-appellee.

Before WISDOM, GOLDBERG and RUBIN, Circuit Judges.

PER CURIAM:

The plaintiffs, Rita Bracamontes and Isabel Manale, former employees of Amstar Corporation, filed suit charging that they had been denied rehiring because of sex discrimination. 42 U.S.C. § 2000e–2(a). Their allegations encompassed actions by Amstar between 1965 and October 1973. The district court for the Eastern District of Louisiana dismissed as untimely all the charges stemming from the period before October 1973. Manale's complaint was completely dismissed; the court found that she had never filed a proper charge with the Equal Employment Opportunity Commission, nor had she received a right-to-sue letter. On the remaining claim the court ruled against Bracamontes on the merits, finding that non-discriminatory company policies accounted for her lack of success. Both plaintiffs appealed.

**62**

We agree with the district court's holding that contentions arising from actions before October 1973 were time-barred. The charges were not filed as a class action. The plaintiffs filed their charge with the E.E.O.C. within the 180 day time limit only for the events of October 1973. 42 U.S.C. § 2000e–5(e). After *Evans v. United Air Lines, Inc.*, 1977, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571, the plaintiffs' argument that earlier actions constituted a "continuing violation" is untenable. Nor was the evidence of the alleged violations concealed by Amstar.

We need consider only one of the other issues raised by Bracamontes and Manale. The relevant facts supporting their claims are the same. Both fail because of the company's policy on rehiring.

Amstar's personnel officials testified that the company had long made it a policy not to rehire certain employees. If an employee had been employed for a long period but had then lost seniority rights, the company believed that the worker would resent this loss. Morale would suffer. The officials admitted that the policy was unwritten and that exceptions had been made for applicants for jobs which were difficult to fill.

The district court found that this company policy existed and applied to Bracamontes and Manale. Both plaintiffs had been employed as packers with Amstar for ten years, until they were laid off in force reductions in 1965 and 1966. Their seniority rights lapsed after two years, in accordance with the applicable collective bargaining agreement. We have scrutinized the record. The district court's findings are not clearly erroneous. Rule 52(a), Fed.R.Civ.P.

Bracamontes and Manale urge that Amstar must show a compelling business necessity to justify its rule. That would be true only if the rule discriminated against their group, either on its face or through a disparate impact. The policy is neutral on its face; plaintiffs never demonstrated that it had a disparate impact on women. The policy is thus immune from attack under Title VII. That conclusion,

coupled with the district court's findings of facts, requires that the decision of the district court be

AFFIRMED.