Ellen D. JACOBS, Plaintiff,

v.

BOARD OF REGENTS OF the DIVISION OF UNIVERSITIES OF the DEPARTMENT OF EDUCATION OF the STATE OF FLORIDA et al., Defendants.

No. 78–945–CIV–JAG.

United States District Court, S. D. Florida.

July 10, 1979.

Jack P. Attias, Key Biscayne, Fla., Sarel K. Kromer, Miami, Fla., for plaintiff.

James D. Little, Gen. Counsel, State Bd. of ·Ed., Tallahassee, Fla., for defendant Board of Regents.

John W. Kozyak, Mahoney, Hadlow & Adams, Miami, Fla., for defendants.

### MEMORANDUM OPINION

GONZALEZ, District Judge.

Plaintiff, Ellen B. Jacobs, has filed this suit alleging that she was, and is, the victim of the Defendant's unlawful discriminatory employment practices. The Plaintiff asserts federal jurisdiction based upon 28 U.S.C. § 1343 and 42 U.S.C. § 2000e et seq.

The. defendant, Board of Regents, has moved to dismiss the complaint attacking the Court's jurisdiction over the claims asserted.

The individual defendants, Wyroba, Crosby and Cooper, have moved to dismiss the Complaint as to them arguing:

1. The Court· lacks jurisdiction over the acts of discrimination complained of because they occurred more' than 180 days prior to the institution of charges with the E.E.O.C., or occurred after the charges were filed but are not similar to the actual charges lodged with the Commission.

2. The individual defendants were not specifically named in the plaintiff's charge to the E.E.O.C.

3. The Complaint fails to state a claim for which relief can be granted pursuant to 42 U.S.C. 1983 or 1985.

A complaint should never be dismissed unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–56, 78 S.Ct. 99, 2 L.Ed.2d 80; *Mann v. Adams Realty Company, Inc.,* 556 F.2d 288, 293 (5th Cir. 1977), and *Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.3d 505 (5th Cir. 1971). Moreover, this Court is required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1974); *Reid v. Hughes,* 578 F.2d 634 (5th Cir. 1978); *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Slavin v. Curry,* 574 F.2d 1256 (5th Cir. 1978), and *Spector v. L. Q. Motor Inns, Inc.,* 517 F.2d 278 (5th Cir. 1975), cert. denied 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976).

The Fifth Circuit has consistently held that the District Courts are to be "very

liberal rather than technical in Title VII pleading requirements." See: *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Smith v. Olin Chemical Corp.,* 535 F.2d 862 (5th Cir. 1976); *Smith v. Delta Air Lines, Inc.,* 486 F.2d 512 (5th Cir. 1973); *Danner v. Phillips Petroleum Co.,* 447 F.2d 159 (5th Cir. 1971); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970).

The plaintiff, a white female, alleges that she was hired as an Assistant Professor with the Department of Fine Arts at Florida International University (FIU) in August of 1972. Plaintiff states that although she was qualified to be an Associate Professor, the Chairman of the Fine Arts Department and defendant herein, Francis Wyroba, represented to her that there were no associate positions available. The Complaint alleges that, in fact, there were associate positions available which were filled by males who were equally or less qualified than the plaintiff.

The plaintiff remained in her position as an Assistant Professor, despite repeated requests for advancement until she was promoted to an associate's position effective December of 1975. Even with the promotion, however, the plaintiff alleges that she was paid, and is still being paid, a salary lower than similarly situated males. While the Complaint is unclear as to whether the plaintiff believes that she is still in a rank inferior to similarly qualified males, the Complaint makes it absolutely clear that she is complaining about her position as an Assistant from August of 1972 to December 1975.

The plaintiff made several attempts to obtain the relief she seeks here from the defendants prior to filing charges with the Equal Employment Opportunity Commission (EEOC). Failing in this, the plaintiff filed a charge with the E.E.O.C. on May 26, 1976, charging a continuing practice of sex discrimination regarding her rank and salary.

Florida is what is commonly known as a "Referral State", since it provides a local agency to investigate charges of employment discrimination, to wit: the Fair Housing & Employment Appeals Board. See 42 U.S.C. 2000e–5(c), (e). Thus, after filing her Complaint with the Commission, plaintiff was notified that the Commission had no jurisdiction over the charge until the Fair Housing & Employment Appeals Board had at least 60 days to investigate the charge.

The plaintiff's charge was then filed with the state agency to be automatically refiled with the Commission at the conclusion of the 60 days.

The Complaint also alleges that some time during June of 1976, the defendant, Francis Wyroba, conspired with co-defendant, James Cooper, to fabricate a "study" of the comparative qualifications and salaries of the defendant, Cooper, and the plaintiff.

The document was then submitted to the "Salary Equity Study Committee", which was created to discover and eradicate sex-based discriminatory salaries.

The plaintiff alleges that the document is inaccurate and was drafted and submitted by the Defendants, Wyroba and Cooper, solely to perpetuate the discrimination from which the plaintiff is seeking relief.

The Complaint continues by asserting that the defendant, Harold Crosby, who is the President of F.I.U., also contributed to the discriminatory practices complained of by recommending a discriminatorily low salary to the Chancellor of the University.

The Defendants argue that this Court lacks jurisdiction to grant relief to redress any acts of discrimination which occurred more than 180 days prior to the filing of the plaintiff's charge with the E.E.O.C.

It is generally true that the timely filing of a charge with the E.E.O.C. has been viewed as jurisdictional. *See United Air Lines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Alexander v. Gardner Denver Company,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Bickham v. Miller,* 584 F.2d 736 (5th Cir. 1978); *Bracamontes v. Amstar Corporation,* 576 F.2d 61 (5th Cir. 1978); *Cutliff v. Greyhound*

*Lines, Inc.,* 558 F.2d 803 (5th Cir. 1977); *East v. Romine, Inc.,* 518 F.2d 332 (5th Cir. 1975); *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975); *Miller v. Miami Prefabricators, Inc.,* 438 F.Supp. 176 (S.D.Fla.1977); *Wallace v. International Paper Company,* 426 F.Supp. 352 (W.D.La.1977); *Williams v. Texas International Airlines,* 435 F.Supp. 703 (S.D. Tex.1977); *Gorman v. University of Miami,* 414 F.Supp. 1022 (S.D.Fla.1976).

This is consistent with Courts treatment that the timely filing of a complaint with the courts is also jurisdictional. See *Herbert v. Monsanto Company,* 576 F.2d 77 (5th Cir. 1978); *Prophet v. Armco Steel, Inc.,* 575 F.2d 579 (5th Cir. 1978); *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir. 1978); *Turner v. Texas Instruments, Inc.,* 556 F.2d 1349 (5th Cir. 1977); *Zambuto v. American Tel. & Tel. Co.,* 544 F.2d 1333 (5th Cir. 1977).

 The defendants reliance upon the 180 days rule is here misplaced. Where there exists a local referral agency in the state where a charge is being brought, an aggrieved party has 300 days within which to file· her charge with the commission. *See, generally, Doski v. M. Goldseker Co.,* 539 F.2d 1326 (4th Cir. 1976). The filing of the charges with the local agency, may be "initiated by the charging party filing a written statement with, or by the E.E.O.C. transmitting a copy of the charge to the appropriate state officer , or agency." *White v. Dallas Independent School District,* 566 F.2d 906, 907 (5th Cir. 1978). As plaintiff's complaint was filed with the state agency by "the E.E.O.C. transmitting a copy of the charge to the appropriate state officer or agency" *id.,* the Court finds the 300 day period applicable. There is no allegation by defendants that the filing of the charge with the Fair Housing and Employment Appeals Board by the E.E.O.C. rather than by the plaintiff would change the rule. Nor does the case of *Olson v. Rembrandt Printing Company,* 511 F.2d 1228 (8th Cir. 1975), suggest a contrary result.

 Furthermore, the general rule that timely filing of an initial charge with the E.E.O.C. is a jurisdictional prerequisite to a civil action, is subject to narrow exceptions. First, it has been held that the 180 day or 300 day time period for filing a charge with the commission does not begin to run until the facts which would support the charge have become apparent, or should have been apparent to a person with a reasonably prudent regard for his or her rights. *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1978); see also, *Bickham v. Miller,* 584 F.2d 736 (5th Cir. 1978). Cf. *Dartt v. Shell Oil Company,* 539 F.2d 1256 (6th Cir. 1976), *aff'd* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), *reh. denied* 434 U.S. 1042, 98 S.Ct. 785, 54 L.Ed.2d 792; *Quiana v. Owens-Corning Fiberglas Corporation,* 575 F.2d 1115 (5th Cir. 1978); *Smith v. American President Lines, Ltd.,* 571 F.2d 102 (2nd Cir. 1978).

Second, where a plaintiff is not complaining of a discrete act of discrimination, the doctrine of continuing discrimination may except an aggrieved party from the strict time requirements of Title VII. *See Clark v. Olinkraft, Inc.,* 556 F.2d 1219 (5th Cir. 1977), *cert. denied* 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d 772 (1978).

 It is important to note, however, that a complaint must (and this one does) allege a *present and ongoing* violation of Title VII. It is not enough to allege a present effect of past discrimination. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Furthermore, it is not sufficient to merely allege the existence of a "continuing violation", *Tarvesian v. Carr Division of TRW, Inc.,* 407 F.Supp. 336 (D.Mass.1976). The type of discrimination alleged must, in fact, be "continuing".·

 A discrete act of discrimination, which is not made the target of a timely charge with the E.E.O.C. "is merely an unfortunate event in history which has no present legal consequences." *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). An employer's refusal to hire is a discrete act of

discrimination which does not rise to the level of a continuing discrimination. See, *Bracamontes v. Amstar Corp.*, 576 F.2d 61 (5th Cir. 1978); *Smith v. Office of Economic Opportunity for Arkansas*, 538 F.2d 226 (5th Cir. 1976); *East v. Romain, Inc.*, 518 F.2d 332 (5th Cir. 1978); *Collins v. United Air Lines*, 514 F.2d 594 (9th Cir. 1975); *Griffin v. Pacific Maritime Association*, 478 F.2d 1118 (9th Cir. 1975); *Molybedenum Corp. v. E. E. O. C.* 457 F.2d 935 (10th Cir. 1972); *Guatam v. First National City Bank*, 425 F.Supp. 579 (S.D.N.Y. 1976); *Kohn v. Royall, Koogel & Wells*, 59 F.R.P. 515 (S.D. N.Y. 1973); and *DeMedina v. Reinhardt*, 444 F.Supp. 573 (D.D.C.1978).

Likewise, the discharge or involuntary resignation of an employee is a discrete act of discrimination that does not rise to the level of continuing discrimination. *Prophet v. Armco Steel, Inc.*, 575 F.2d at 580 (5th Cir. 1978); *Terry v. Bridgeport Brass Co.*, 519 F.2d 806 (7th Cir. 1975); *Collins v. United Air Lines, Inc.*, 514 F.2d 594 (9th Cir. 1975); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975); *Carter v. Delta Air Lines, Inc.*, 441 F.Supp. at 812 (S.D.N.Y.1977); *Hazelgrove v. Ford Motor Co.*, 428 F.Supp. 1096 (E.D.Va.1977); *Tarvesian v. Carr Division of TRW, Inc.*, 407 F.Supp. 336 (D.Mass.1976); *Davidson v. Tapley*, 10 E.P.D. ¶ 10,485 (S.D.N.Y.1975); and *Tuck v. McGraw Hill, Inc.*, 9 F.E.P. 94 (S.D.N.Y.1974).

Unlike specific acts of discrimination, such as a refusal to hire or a termination, however, the maintenance of a discriminatory promotion system and the denial of equal pay have consistently been recognized as "continuing violations." *Clark v. Olinkraft*, 556 F.2d 1219 (5th Cir. 1977); *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876 (8th Cir. 1977), cert. denied 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176. *Cedeck v. Hamilton Federal Savings & Loan*, 551 F.2d 1136 (8th Cir. 1977); *Egelston v. State College at Genesco*, 535 F.2d 752 (2nd Cir. 1976); *Noble v. University of Rochester*, 535 F.2d 756 (2nd Cir. 1976); *Williams v. Norfolk Western Railway*, 530 F.2d 539 (4th Cir. 1975); *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975); *Wetzel v. Liberty Insurance Company*, 508 F.2d 239 (3rd Cir. 1975), cert. denied 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679. *Equal Employment Opportunity Commission v. Western Publishing Co.*, 502 F.2d 599 (8th Cir. 1974); *Belt v. Johnson Motor Lines, Inc.*, 458 F.2d 443 (5th Cir. 1972); *White v. City of Suffolk*, 460 F.Supp. 516 (E.D.Va.1978); *Guilday v. Department of Justice*, 451 F.Supp. 717 (D.Del.1978); *Coles v. Penney*, 450 F.Supp. 897 (D.C.D.C.1978); *Markey v. Tenneco Oil Co.*, 439 F.Supp. 219 (E.D.La. 1977); *Miller v. Miami Prefabricators*, 438 F.Supp. 176 (S.D.Fla. 1977); *Corbin v. Pan American World Airways*, 432 F.Supp. 939 (H.D.Cal. 1977); *Stallings v. Container Corp. of America*, 75 F.R.D. 511 (D.Del. 1975); *Mack v. General Electric Co.*, 329 F.Supp. 72 (E.D.Pa. 1971).

The maintenance of a discriminatory hiring or job placement system has also been recognized to be a continuing practice of employment discrimination. *Macklin v. Spector Freight Systems, Inc.*, 156 U.S.App. D.C. 69, 478 F.2d 979 (1973).

The Fifth Circuit, quoting from the Tenth Circuit decision of *Rich v. Martin Marietta Corp.*, supra, recently stated:

Clearly this applies to new employment and is different from an employee who is seeking promotion. The former takes place on a particular day, whereas in the promotion area it invariably arises during a lengthy period of time. Plaintiffs here challenge the entire promotion system maintaining that it continually operated so as to hold them in lower echelons. Hence, the 90 day period (now 180 days) period prior to the filing of the EEOC charges looms inconsequential in this kind of case. If proven, these charges of discriminatory refusal to promote would be violative of 42 U.S.C. § 2000e–5. (Emphasis added.)

We are in accord with the views expressed in *Rich*. Clark's allegations, therefore, are sufficient to toll the running of the one hundred and eighty day period; here the discrimination in promotion and pay continues. id. at 1222.

Likewise, it was stated in *Corbin v. Pan American World Airways*, supra:

> Where a plaintiff alleges claims which may be classified as "continuing" acts of discrimination, the complaint will not be barred by the statute of limitations contained in Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e). However, a plaintiff may not circumvent the limitations period merely by labeling an act a "continuing" violation. Completed acts such as a termination through discharge or resignation, a job transfer, or discontinuance of a particular job assignment, are not acts of a "continuing" nature. Rather, a plaintiff must maintain that a pattern of discrimination or an employment practice presently exists to perpetuate the alleged wrong. Plaintiff's claims of a repeated failure to promote and a denial of equal pay involve ongoing aspects of the employer-employee relationship. Viewing the allegations in the light most favorable to plaintiff, discrimination occurs with the receipt of each paycheck and the award of each Lead Clerk opening. Accordingly, on the facts of this case, these acts may properly be classified as acts of a "continuing" nature. *id.* at 944.

The defendants' position that *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) undermines the validity of the continuing wrong doctrine has been rejected by those courts that have considered the proposition. See, *Clark v. Olinkraft, Inc.*, supra at 1223 fn. 6; *White v. City of Suffolk*, supra at 519; *Coles v. Penney*, supra at 178.

■ The individual defendants' argument that this cause should be dismissed as to them since they were not personally identified in the plaintiff's charge with the Commission must also be denied without prejudice, but, subject to renewal upon a motion for summary judgment. See e. g. *Lewis v. Southeastern Pennsylvania Transportation Authority*, 440 F.Supp. 887 (E.D.Pa.1977). The complaint clearly alleges that the "unidentified" defendants were aware of the plaintiff's charge to the E.E. O.C., had the opportunity to participate in reconciliation efforts, and due to their close legal relationship with F.I.U. were adequately represented by the "identified" defendant, F.I.U. See: *Glus v. G.C. Murphy Company*, 562 F.2d 880 (3rd Cir. 1977); *Hill v. Singing Hills Funeral Home*, 77 F.R.D. 746 (N.D.Tex.1978); *E. E. O. C. v. UpJohn*, 445 F.Supp. 635 (N.D.Ga.1977); *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063 (Me.1977); *Stevenson v. International Paper Co.*, 432 F.Supp. 390 (W.D.La.1977); *Oliver v. Moberly Missouri School District*, 427 F.Supp. 82 (E.D.Mo. 1977); *Byron v. University of Florida*, 403 F.Supp. 49 (N.D.Fla.1975); *Stith v. Manor Baking Co.*, 418 F.Supp. 150 (W.D.Mo.1976); *Taylor v. Armco Steel Corp.*, 373 F.Supp. 885 (S.D.Tex.1973); *Cf. Batis v. Great American Fed. S & L Assoc.*, 452 F.Supp. 588 (W.D.Pa.1978); *Eldridge v. Carpenters*, 440 F.Supp. 506 (N.D.Calif.1977); *Wallace v. International Paper*, 426 F.Supp. 352 (W.D.La.1977).

■ Whether the plaintiff can support her allegations is not the proper subject of a Rule 12(b)(6) motion to dismiss. *42 U.S.C. § 1985.*

The defendants next argue that the plaintiff's 42 U.S.C. § 1985(3) conspiracy claim should be dismissed because (1) it is barred by the applicable statute of limitations; (2) it fails to allege an independently illegal purpose; and (3) since the three alleged conspirators are all employees of a single university a true conspiracy cannot exist.

The Court will address these arguments in reverse order.

The defendant's proposition that a conspiracy cannot exist because all of the alleged co-conspirators were, and are, employees of a single university has its genesis in the Fifth Circuit decision of *Nelson Radio & Supply Co. v. Motorola*, 200 F.2d 911 (5th Cir. 1952). The *Motorola* decision, however, is totally inapposite to the facts presented here.

The Court in *Motorola* held that a manufacturer's decision, formulated by its employees, to merely discontinue dealing with

a particular retail level distributor does not set forth a claim for which relief could be granted based upon 15 U.S.C. § 1 which outlaws contracts, combinations and conspiracies in restraint of trade. Judicial construction of this statute teaches that it shall be unlawful for two or more business entities to agree among themselves to fix the price of goods for sale, as opposed to allowing the forces of free competition to set the price.

■ It is also unlawful for two or more competitors to refuse to deal with a particular business entity on a different level of distribution, i. e., a group boycott.

■ It is patently clear that for a 15 U.S.C. § 1 price fixing conspiracy to exist there must exist an "agreement" by at least two sellers of a product to sell their product at a price not established by the forces of free open market competition. Try as a corporation might, it cannot conspire with itself to establish a price fixing conspiracy because at most it can only set the price at which it will sell its own product. Not until there is an agreement with employees *of another seller* of the subject product can a 15 U.S.C. § 1 price fixing conspiracy exist.

■ The Courts judicial construction of 15 U.S.C. § 1 requiring two business entities in order to establish a conspiracy to restrain trade has little, if any, bearing upon the requirements of 42 U.S.C. §. 1985(3).

In *Novotny v. Great American Savings & Loan Association*, 584 F.2d 1235 (3rd Cir. 1978) the Third Circuit en banc spoke as follows:

". . . . . the defendants maintain that their alleged concerted action was taken in their official capacities as officers and directors of GAF, and therefore cannot legally be deemed a combination within the terms of § 1985(3).

This contention finds no support in the language of § 1985(3). On its face, the statute requires simply that 'two or more persons' conspire in order to come within its proscription. Similarly, we can discern no basis for the defendants' argument in the legislative history of § 1985(3).

Nor does defendants' suggestion have solid roots in the general tenets of conspiracy theory. It is true that a conspiracy requires a plurality of legal personalities as one of its elements. For example, at common law a husband and wife could not conspire, since they constituted a single personality in the eyes of the law. But it is well-settled that an employer can conspire with his employee, and the Supreme Court has held that a labor union can conspire with its business agent. The assertion of the defendants must therefore be that incorporation confers on corporate employees an immunity from liability under § 1985(3).

We see nothing in the policies undergirding § 1985(3) that would support such an argument. If, as seems clear under § 1985(3), the agreement of three partners to use their business to harass any blacks who register to vote constitutes an actionable conspiracy, we can perceive no function to be served by immunizing such action once a business is incorporated."

The Court in *Novotny* concluded by recognizing that there is "a well-established line of precedent holding that, at least outside of the area of antitrust *law*, where a corporation commits a substantive crime, the officers and directors who cause it to so act may be guilty of criminal conspiracy." *id.* at 1258.

■ This Court accepts the conclusion of the en banc panel of the Third Circuit that "neither considerations of policy nor force of precedent require adherence to the defendants' stance." *id.* at 1259. See also *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Pa.1974); *Jackson v. University of Pittsburg*, 405 F.Supp. 607 (W.D. Pa.1975); *Beamon v. W. B. Saunders*, 413 F.Supp. 1167 (E.D.Pa.1976); *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063, 1086 n. 14 (S.D.Me.1977); Cf. *Greenville Publishing Company v. Reflector, Inc.*, 496 F.2d 391 (4th Cir. 1974); *Hodgin v. Jefferson*, 447 F.Supp. 804 (D.Md. 1978) and *Dupree v. Hertz Corporation*, 419 F.Supp. 764 (E.D.Pa.1976). But see, *Aungst*

*v. J.C. Penney, Inc.*, 456 F.Supp. 370 (W.D. Pa.1978); *Chambliss v. Foote*, 421 F.Supp. 12, 15 (E.D.La.1976); *Keddie v. Pennsylvania State University*, 412 F.Supp. 1264, 1276 (M.D.Pa.1976) and *Cole v. University of Hartford*, 391 F.Supp. 888, 893 (D.Conn. 1975).

■ The defendants second proposition that the 42 U.S.C. § 1985 conspiracy claim should be dismissed, based upon the holding of *McLellan v. Mississippi Power & Light Company*, 545 F.2d 919 (5th Cir. 1977) (that the object of the conspiracy must itself be independently illegal) is likewise untenable in view of the facts of this case. The plaintiff clearly alleges that the object of the conspiracy was to deprive the plaintiff of her rights under 42 U.S.C. § 2000e. See *Novotny v. Great American Federal Savings & Loan Association, supra.*

Finally, the defendants raise the statute of limitations as a basis for dismissal.

■ It is true that the statute of limitations may be raised by a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288 (5th Cir. 1977). It is equally true, however, that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971). Furthermore, in evaluating the sufficiency of a complaint attacked by a Rule 12(b)(6) motion to dismiss, the Court is required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1979); and it has been made patently clear that the Court is to construe civil rights complaints "very liberal(ly)" rather than technical(ly)." *Smith v. Olin Chemical Corporation*, 535 F.2d 862 (5th Cir. 1976).

■ While this Court is inclined to believe based upon the facts alleged that F.S. 95.11(3)(f) is the proper statute of limitations to apply in this case, *Bennett v. Georgetown Manor, Inc.*, 452 F.Supp. 590. (S.D.Fla.1978), it need not decide the issue upon the present motion to dismiss. The plaintiff complains that her salary and rank are lower than those of her male counterparts right up to the day of the filing of her complaint and presumably until the present day. This makes dismissal of the complaint inappropriate at this stage of the litigation.

Accordingly the Defendants' respective Motions to Dismiss are hereby denied.